UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

SHAUN PORTALEOS,

       Petitioner,

  -against-            5:12-CV-1359 (LEK/TWD) (Lead)

GINA M. SHANNON; and R.M., a minor,

       Respondents.

---

SHAUN PORTALEOS,

       Plaintiff,

  -against-            5:12-CV-1652 (LEK/TWD) (Member)

UNITED STATES DEPARTMENT OF
VETERANS AFFAIRS,

       Defendant.

---

**MEMORANDUM-DECISION and ORDER**

**I. INTRODUCTION**

These consolidated actions concern the Department of Veteran Affairs's ("VA") obligation to obey an order of the Onondaga County, New York, Family Court ("Family Court") to produce an employee to testify in a child-custody proceeding. Now before the Court are the VA's Motions to vacate the family court's order and to dismiss, Petitioner-Plaintiff Shaun Portaleos's ("Plaintiff") Motions to consolidate and to compel, and cross-Motions for summary judgment. 12-CV-1359 Dkt. Nos. 8 ("Motion to Vacate"); 13 ("Motion to Consolidate" and "Motion to Compel"); 12-CV-1652 Dkt. Nos. 6 ("VA's MSJ" and "Motion to Dismiss"); 14 ("Plaintiff's MSJ"). For the following reasons, the Court grants the VA's Motion to Vacate and Plaintiff's MSJ, denies the remaining

Motions, remands Plaintiff's child-custody proceeding to the Family Court, and remands Plaintiff's request for Dr. Alao's testimony to the VA for reconsideration.

**II.     BACKGROUND**

The Court bases its decision on the following facts taken from the record in both cases and from the VA's uncontested Statement of material facts. See 12-CV-1652 Dkt. Nos. 6-4 ("VA's SMF"); 14-2 ("Plaintiff's SJ Brief") at 1 ("Both Plaintiff and Defendant agree there are no material issues of fact . . . ."); see also L.R. 7.1(a)(3) ("The Court shall deem admitted any properly supported facts set forth in the Statement of Material Facts that the opposing party does not specifically controvert."). Plaintiff is a military veteran in his late twenties who receives VA benefits and medical care at the VA's Medical Center in Syracuse, New York ("SVAMC"), for service-connected Post-traumatic Stress Disorder, anxiety, depression, and an injured back. VA's SMF ¶¶ 1-2. Plaintiff and Gina Shannon ("Shannon") are the parents of R.M., a child born in August 2011. Id. ¶ 3. In February 2012, Plaintiff petitioned the Family Court for custody of R.M. Id. ¶ 4. Shannon cross-petitioned for custody, asserting that Plaintiff's psychiatric diagnoses, medications, and other factors made Plaintiff incapable of caring for R.M. properly. Id. ¶ 5.

On or about June 29, 2012, Plaintiff's attorney issued a subpoena for Dr. Adekola Alao, Plaintiff's treating psychiatrist at the SVAMC, to appear and testify in the custody action. Id. ¶¶ 6, 9. Asserting that testimony of a VA employee can be authorized only in certain limited circumstances and is at the discretion of the VA's Regional Counsel and not subject to subpoena or court order, the VA's Regional Counsel declined to comply with Plaintiff's subpoena and invited Plaintiff to request Dr. Alao's testimony under pertinent regulations. Id. ¶ 11. Plaintiff's attorney promptly made such a request, which the VA's Regional Counsel denied because it did not find that

the VA had the requisite direct and substantial interest in Plaintiff's custody proceeding to permit a VA employee to testify therein. Id. ¶¶ 12, 16.

On July 20, 2012, Family Court Judge Michael L. Hanuszczack ordered the VA to show cause why an order compelling Dr. Alao to appear and testify should not issue. Id. ¶ 17. The VA's Regional Counsel reconsidered Plaintiff's request for Dr. Alao's testimony and again declined to produce him. Id. ¶¶ 18-19. On August 31, 2012, Judge Hanuszczack granted Plaintiff's motion to compel Dr. Alao to testify and ordered Plaintiff's attorney to submit a subpoena to that effect. 12-CV-1359 Dkt. No. 1-1 at 6. The VA thereupon removed this case pursuant to 28 U.S.C. §§ 1442(a)(1) and 1446 on September 5, 2012, seeking vacatur of the order to compel. 12-CV-1359 Dkt. No. 1; Mot. to Vacate. Plaintiff replied with a renewed Motion to compel. Mot. to Compel.

Plaintiff also commenced an action asserting various claims against the VA and Joseph Moreno ("Moreno") and Georgette Gonzales-Snyder ("Gonzales-Snyder") of the VA's Regional Counsel in their official and individual capacities for refusing to produce Dr. Alao for testimony. 12-CV-1652 Dkt. No. 1. On a stipulation of the parties, the Court dismissed Moreno and Gonzales-Snyder as defendants and dismissed all but one of Plaintiff's claims against the VA. Id. Dkt. No. 11.[1] Plaintiff's remaining claim invokes 5 U.S.C. § 702, part of the Administrative Procedure Act ("APA"), to seek review by the Court of the VA's decision not to grant Plaintiff's request that Dr. Alao be produced to testify. Id. Dkt. No. 1 at 4-5. Both parties moved for summary judgment. VA's MSJ; Pl.'s MSJ. To resolve the question of whether Dr. Alao must testify in Plaintiff's custody proceeding, the Court consolidated Plaintiff's action against the VA with his removed

---

[1] The VA's Motion to Dismiss all but Plaintiff's remaining claim is therefore denied as moot. 12-CV-1652 Dkt. No. 6.

3

custody proceeding on November 26, 2012, and now addresses each issue in turn. 12-CV-1359 Dkt. No. 21.[2]

### III. FAMILY COURT SUBPOENA

#### A. Effect of Removal

"Removed proceedings arrive in federal court in the procedural posture they had in state court." D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 108 (2d Cir. 2006). "Upon removal, the orders entered by the state court are treated as though they have been entered by the federal court." Nasso v. Seagal, 263 F. Supp. 2d 596, 608 (E.D.N.Y. 2002); accord 4 B's Realty 1530 CR39, LLC v. Toscano, No. 08-CV-2694, 2009 WL 702011, at *2 (E.D.N.Y. Mar. 12, 2009); see Breedlove v. Cabou, 296 F. Supp. 2d 253, 263-65 (N.D.N.Y. 2003) (evaluating approaches in the Third, Fourth, Fifth, Ninth, and Eleventh Circuits and deeming state-court order adopted immediately upon removal). Accordingly, the Court will treat the VA's Motion to Vacate as a motion under Federal Rule of Procedure 60(b) and Local Rule 7.1(g) for relief from "its" Order to compel. See Breedlove, 296 F. Supp. 2d at 268 ("[O]nce a case is removed to federal court, federal not state rules of procedure govern." (citing Nasso, 263 F. Supp. 2d at 608 (collecting cases))).

#### B. Jurisdiction

The parties agree that the Family Court lacked jurisdiction to issue the Order to compel because the federal government had not waived its sovereign immunity. Compare 12-CV-1359 Dkt. No. 13-6 ("Plaintiff's Brief") at 8 ("There are numerous U.S. Supreme Court cases and Federal precedent to preclude Onondaga County Family Court Judge Hanuszczak from compelling the Federal employee, Dr. Alao, to testify in State court." (citing United States ex rel. Touhy v. Ragen,

---

[2] Plaintiff's Motion to Consolidate is therefore denied as moot. 12-CV-1359 Dkt. No. 13.

340 U.S. 462 (1951))), with id. Dkt. No. 8-2 ("VA's Brief") at 6-7 (discussing authorities to show that the Family Court lacked jurisdiction to issue the Order to compel). Plaintiff contends, however, that "[j]ust as there is no question that [a] State judge has insufficient authority to compel the attendance of a Federal witness in State court, there is no question that a Federal judge has the authority to compel that same Federal witness to testify in a State court proceeding." Pl.'s Br. at 8.

A federal court's jurisdiction upon removal is no greater than that of the state court whence came the action. Arizona v. Manypenny, 451 U.S. 232, 243 n.17 (1981) ("In the area of general civil removals, it is well settled that if the state court lacks jurisdiction over the subject matter or the parties, the federal court acquires none upon removal, even though the federal court would have had jurisdiction if the suit had originated there."); accord PT United Can Co. v. Crown Cork & Seal Co., 138 F.3d 65, 72-73 (2d Cir. 1998); see also Smith v. Croner, 159 F.3d 875, 879 (4th Cir. 1998) ("[A] federal court's jurisdiction upon removal under 28 U.S.C. § 1442(a)(1) is derivative of the state court jurisdiction . . . ."). Thus, the Court does not have jurisdiction to sustain the Order to compel or issue a new one, because the Family Court lacked jurisdiction to do so. Moreover, the Court does not have jurisdiction over child-custody proceedings even as an original matter. See, e.g., Hamilton v. Hamilton-Grinols, 363 F. App'x 767, 769 (2d Cir. 2010) ("Under [the domestic-relations] exception, federal courts are divested of jurisdiction in 'cases involving the issuance of a divorce, alimony, or child custody decree' . . . ." (quoting Ankenbrandt v. Richards, 504 U.S. 689, 704 (1992))). Accordingly, the Order to compel is void, the VA's Motion to Vacate is granted, Plaintiff's renewed Motion to Compel is denied, and Plaintiff's child-custody proceeding is remanded to the Family Court.

The Court acknowledges that this places Plaintiff and Judge Hanuszczak in a difficult

position, as it may be reversible error for a New York court not to obtain necessary expert testimony in a custody proceeding. See, e.g., Kosinski v. Mahoney, 617 N.Y.S.2d 696 (App. Div. 1991); Mascoli v. Mascoli, 518 N.Y.S.2d 25 (App. Div. 1987); Giraldo v. Giraldo, 447 N.Y.S.2d 466 (App. Div. 1982). But the Court is without power to grant Plaintiff the relief he seeks. Plaintiff must find another option, perhaps by persuading the VA to authorize Dr. Alao to testify, securing an independent expert witness, or persuading New York courts that a lack of expert testimony is excusable in these circumstances.

## IV. § 702 REVIEW OF VA DECISION

There is no genuine dispute as to any material fact. See VA's SMF; Pl.'s SJ Br. at 1; see also L.R. 7.1(a)(3). Summary judgment is therefore proper for whichever movant shows that it is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). See generally Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). Plaintiff's claim under § 702 of the APA, as stated in his Complaint, "requests judicial review under 5 U.S.C. § 706 of the Defendants' decision to not allow Mr. Alao to testify and respectfully asks this Court to compel the testimony of Dr. Alao." Compl. ¶ 18.[3] The VA agrees that § 706(2)(A)'s "arbitrary and capricious" standard controls here. 12-CV-1652 Dkt. Nos. 6-6 ("VA's SJ Brief") at 9-10; 15 ("VA's Response") at 1-3. Plaintiff now contends, however, that the ordinary "undue burden" standard for subpoenas under Federal Rule of Civil Procedure 45 should apply instead. Pl.'s SJ Br. at 1-3.

There is disagreement as to whether Rule 45 or § 706 controls when a subpoena is issued under Federal Rule of Civil Procedure 26 during federal litigation. See, e.g., In re SEC ex rel.

---

[3] An agency's decision not to authorize an employee to testify is an "agency action" for purposes of 5 U.S.C. § 702, which waives sovereign immunity to allow review of agency actions in federal courts. In re SEC ex rel. Glotzer, 374 F.3d 184, 190 & n.7 (2d Cir. 2004).

Glotzer, 374 F.3d 184, 190 (2d Cir. 2004) (expressly declining to rule on whether § 706(2)(A) or Federal Rule of Civil Procedure 45 governs such review); Wultz v. Bank of China Ltd., No. 11 Civ. 1266, 2013 WL 1453258, at *3 & nn.23-24 (S.D.N.Y. Apr. 9, 2013); Solomon v. Nassau County, 274 F.R.D. 455, 458 (E.D.N.Y. 2011) (describing "a circuit split with respect to the appropriate standard of review for determining whether a federal agency has properly refused to comply with a third party subpoena").[4] Where, as here, the subpoena was issued during state-court litigation, however, § 706 is the proper standard. See Battiste v. U.S. Dep't of Justice, No. 08-CV-1379, 2009 WL 3086429, at *5 (N.D.N.Y. Sept. 23, 2009) (citing, inter alia, Houston Business Journal, Inc. v. Office of Comptroller of Currency, 86 F.3d 1208 (D.C. Cir. 1996)). The D.C. Circuit persuasively explained the distinction between the two scenarios:

> In general, state court subpoenas present entirely different issues (because of the Supremacy Clause and sovereign immunity), and a state court litigant's only recourse from a federal agency's refusal to comply with a state court subpoena is to bring an APA claim—necessarily governed by the APA arbitrary and capricious standard—against the agency in federal court. . . . [W]e do not believe the APA arbitrary and capricious standard applies when a court reviews an agency's decision not to comply with a *federal* court subpoena.

Watts v. SEC, 482 F.3d 501, 508 n.* (D.C. Cir. 2007) (distinguishing Houston Business Journal, 86 F.3d 1208, because that case involved a state-court subpoena). The Court therefore assesses the VA's decision here under § 706(2)(A)'s "arbitrary and capricious" standard.

The VA made its decision not to authorize Dr. Alao's testimony pursuant to regulations it promulgated to control the production of documents and the provision of testimony. See 38 C.F.R.

---

[4] The Solomon court did not decide which standard to apply because it found the subpoena properly quashed under either Rule 45 or § 706, Solomon, 274 F.R.D. at 458-61, while the Wultz court dismissed as unripe the plaintiffs' motion to compel the production of documents from a federal agency and advised that if a second motion was necessary, the parties' briefs should address the standard of review to be applied. Wultz, 2013 WL 1453258, at *13.

§ 14.800 et seq.[5] On review under § 706, a court "must consider whether the decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment." City of New York v. Shalala, 34 F.3d 1161, 1167 (2d Cir. 1994). 38 C.F.R. § 14.804 sets forth fifteen "types of factors" to be considered when deciding whether VA personnel should be permitted to testify. They are:

> (a) The need to avoid spending the time and money of the United States for private purposes and to conserve the time of VA personnel for conducting their official duties concerning servicing the Nation's veteran population;
>
> (b) How the testimony or production of records would assist VA in performing its statutory duties;
>
> (c) Whether the disclosure of the records or presentation of testimony is necessary to prevent the perpetration of fraud or other injustice in the matter in question;
>
> (d) Whether the demand or request is unduly burdensome or otherwise inappropriate under the applicable court or administrative rules;
>
> (e) Whether the testimony or production of records, including release in camera, is appropriate or necessary under the rules of procedure governing the case or matter in which the demand or request arose, or under the relevant substantive law concerning privilege;
>
> (f) Whether the testimony or production of records would violate a statute, executive order, regulation or directive. (Where the production of a record or testimony as to the content of a record or about information contained in a record would violate a confidentiality statute's prohibition against disclosure, disclosure will not be made. Examples of such statutes are the Privacy Act, 5 U.S.C. 552a, and sections 5701, 5705 and 7332 of title 38, United States Code.);

---

[5] The power of federal agencies to promulgate such regulations is well established. See, e.g., Houston Business Journal, 86 F.3d at 1212; Battiste, 2009 WL 3086429, at *3. See generally United States ex rel. Touhy v. Ragen, 340 U.S. 462 (1951). Plaintiff does not challenge the validity of the VA's regulations. See Pl.'s SJ Br. Plaintiff also does not contest the VA's determination that the VA lacks a "direct and substantial" interest in Plaintiff's custody proceeding. Id. If the VA had such an interest, its regulations restricting testimony and document production would not apply. 38 C.F.R. § 14.801.

8

(g) Whether the testimony or production of records, except when in camera and necessary to assert a claim of privilege, would reveal information properly classified pursuant to applicable statutes or Executive Orders;

(h) Whether the testimony would interfere with ongoing law enforcement proceedings, compromise constitutional rights, compromise national security interests, hamper VA or private health care research activities, reveal sensitive patient or beneficiary information, interfere with patient care, disclose trade secrets or similarly confidential commercial or financial information or otherwise be inappropriate under the circumstances[;]

(i) Whether such release or testimony reasonably could be expected to result in the appearance of VA or the Federal government favoring one litigant over another;

(j) Whether such release or testimony reasonably could be expected to result in the appearance of VA or the Federal government endorsing or supporting a position advocated by a party to the proceeding;

(k) The need to prevent the public's possible misconstruction of variances between personal opinions of VA personnel and VA or Federal policy[;]

(l) The need to minimize VA's possible involvement in issues unrelated to its mission;

(m) Whether the demand or request is within the authority of the party making it;

(n) Whether the demand or request is sufficiently specific to be answered;

(o) Other matters or concerns presented for consideration in making the decision.

The determining official is directed to use these factors to gauge the effect production of documents or testimony will have on the ability of the VA or its personnel to perform their official duties with regard to both a specific request and future cases generally. 38 C.F.R. § 14.803(a).

Plaintiff has offered no argument that the VA's decision was arbitrary and capricious. See Pl.'s SJ Br. Gonzales-Snyder, the VA attorney who addressed Plaintiff's request, identified factors (a)-(d), (i)-(j), and (l) as potentially relevant and found that each of them weighed against granting Plaintiff's request. See 12-CV-1652 Dkt. No. 6-2 ("Gonzales-Snyder Declaration") ¶¶ 19-20. Specifically, she determined that: authorizing Dr. Alao to testify in Plaintiff's "purely private

9

dispute" would contravene factors (a) and (l) and would not assist the VA under factor (b); no fraud was involved and no injustice would result under factor (c) because Plaintiff could retain an independent expert witness; preparing for and providing the requested testimony would be unduly burdensome on Dr. Alao under factor (d), especially in light of Dr. Alao's concern that he had many patients with legal problems; and allowing Dr. Alao to appear could be seen as VA endorsement of Plaintiff's custody claim in contravention of factors (i) and (j). Id. ¶¶ 14, 20. Gonzales-Snyder also considered Plaintiff's request under the criteria for expert testimony by VA personnel under 38 C.F.R. § 14.808 and concluded that the criteria were not met. Id. ¶ 21.

Mindful that "[a] reviewing court may not itself weigh the evidence or substitute its judgment for that of the agency," Islander E. Pipeline Co. v. McCarthy, 525 F.3d 141, 150 (2d Cir. 2008), the Court finds the VA's apparent failure to consider factor (e) inexplicable. See id. ("[I]n deciding whether agency action is arbitrary and capricious, a court considers whether the agency . . . entirely failed to consider an important aspect of the problem . . . ."). As discussed *supra*, it appears that it would be reversible error for Judge Hanuszczak not to obtain expert testimony on Plaintiff's psychological conditions before making a custody ruling, and Dr. Alao is Plaintiff's treating psychiatrist. In that light, the VA's failure to assess whether Dr. Alao's testimony is "appropriate or necessary under the rules of procedure governing the case or matter in which the demand or request arose," as required by factor (e), renders the VA's decision not to authorize Dr. Alao's testimony arbitrary and capricious. Cf. 38 C.F.R. § 14.803(c) ("The Department of Veterans Affairs does not seek to deny the Nation's veterans access to the courts."). The Court "draw[s] no conclusion" as to whether the VA is obligated to produce Dr. Alao for testimony, but remands the matter for reconsideration of Plaintiff's request within sixty days. See Islander E. Pipeline Co. v. Conn. Dep't

of Envtl. Prot., 482 F.3d 79, 105 (2d Cir. 2006); cf. Auer v. Robbins, 519 U.S. 452, 461 (1997) (holding that federal agencies' interpretations of their own regulations are "controlling unless plainly erroneous or inconsistent with the regulation" (internal quotation marks omitted)).

**V.     CONCLUSION**

Accordingly, it is hereby:

**ORDERED**, that the VA's Motion (12-CV-1359 Dkt. No. 8) to vacate is **GRANTED**; and it is further

**ORDERED**, that Plaintiff's Motions (12-CV-1359 Dkt. No. 13) to consolidate and to compel are **DENIED**; and it is further

**ORDERED**, that the VA's Motions (12-CV-1652 Dkt. No. 6) for summary judgment and to dismiss are **DENIED**; and it is further

**ORDERED**, that Plaintiff's Motion (12-CV-1652 Dkt. No. 14) for summary judgment is **GRANTED**; and it is further

**ORDERED**, that Plaintiff's child-custody action is **REMANDED** to Onondaga County Family Court; and it is further

**ORDERED**, that Plaintiff's request for authorized testimony is **REMANDED** to the VA for reconsideration under all relevant factors **within sixty (60) days** of the filing of this Memorandum-Decision and Order; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Memorandum-Decision and Order on all parties.

**IT IS SO ORDERED.**

Dated:    August 19, 2013
         Albany, NY

_Lawrence E. Kahn_
Lawrence E. Kahn
U.S. District Judge