UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

SHAUN PORTALEOS,

                     Petitioner,

       -against-                                 5:12-CV-1359 (LEK/TWD) (Lead)

GINA M. SHANNON; and R.M., a minor,

                       Respondents.

---

SHAUN PORTALEOS,

                       Plaintiff,

       -against-                                 5:12-CV-1652 (LEK/TWD) (Member)

UNITED STATES DEPARTMENT OF
VETERANS AFFAIRS,

                     Defendant.

---

## DECISION and ORDER

**I.    INTRODUCTION**

These consolidated actions concern the Department of Veteran Affairs' ("VA") obligation to obey an order of the Onondaga County, New York, Family Court ("Family Court") to produce an employee to testify in a child-custody proceeding. Now before the Court are Petitioner-Plaintiff Shaun Portaleos's ("Plaintiff") Motion for attorney's fees and Motion to compel testimony. 12-CV-1359 Dkt. No. 31 ("Second Fees Motion"); 12-CV-1652 Dkt. No. 19 ("Motion to Compel"). For the following reasons, Plaintiff's Second Fees Motion is denied without prejudice and his Motion to Compel is denied as moot.

## II. BACKGROUND

The Court presumes the parties' familiarity with the facts and history of this action, and recites only those facts pertinent to the pending Motions. For a full discussion of the facts and history of this case, reference is made to the Court's Memorandum-Decision and Order of August 19, 2013. 12-CV-1359 Dkt. No. 24; 12-CV-1652 Dkt. No. 17 ("Order").

Plaintiff is a military veteran who receives VA benefits and medical care at the VA's Medical Center in Syracuse, New York ("SVAMC"), for service-connected Posttraumatic stress disorder, anxiety, depression, and an injured back. Order at 2. Plaintiff and Gina Shannon ("Shannon") are the parents of R.M., a child born in August 2011. Id. In February 2012, Plaintiff petitioned the Family Court for custody of R.M. Id. Shannon cross-petitioned for custody, asserting that Plaintiff's psychiatric diagnoses, medications, and other factors made Plaintiff incapable of caring for R.M. properly. Id.

On or about June 29, 2012, Plaintiff's attorney issued a subpoena for Dr. Adekola Alao ("Alao"), Plaintiff's treating psychiatrist at the SVAMC, to appear and testify in the custody action. Id. Asserting that testimony of a VA employee can be authorized only in certain limited circumstances and is not subject to subpoena or court order, the VA's Regional Counsel declined to comply with Plaintiff's subpoena and invited Plaintiff to request Alao's testimony under pertinent regulations. Id. Plaintiff's attorney promptly made such a request, which the VA's Regional Counsel denied. Id. at 2-3.

On July 20, 2012, Family Court Judge Michael L. Hanuszczack ordered the VA to show cause why an order compelling Alao to appear and testify should not issue. Id. at 3. The VA's Regional Counsel reconsidered Plaintiff's request for Alao's testimony and again declined to

produce him. Id. On August 31, 2012, Judge Hanuszczack granted Plaintiff's motion to compel Alao to testify and ordered Plaintiff's attorney to submit a subpoena to that effect. Id. The VA thereupon removed the case, Case No. 12-CV-1359 ("Custody Action"), pursuant to 28 U.S.C. §§ 1442(a)(1) and 1446, seeking vacatur of the order to compel. Id. Plaintiff replied with a renewed Motion to compel. Order at 3.

Plaintiff also commenced an action, Case No. 12-CV-1652 ("APA Action"), asserting various claims against the VA and Joseph Moreno ("Moreno") and Georgette Gonzales-Snyder ("Gonzales-Snyder") of the VA's Regional Counsel in their official and individual capacities for refusing to produce Alao for testimony. Id. On a stipulation of the parties, the Court dismissed Moreno and Gonzales-Snyder as defendants and dismissed all of Plaintiff's claims against the VA except for a claim under the Administrative Procedure Act ("APA"), 5 U.S.C. § 702. Order at 3. To resolve the question of whether Alao must testify in Plaintiff's custody proceeding, the Court consolidated the APA Action with the Custody Action on November 26, 2012, designating the removed Custody Action, Case Number 12-CV-1359, as the lead case in which all further filings should be made. 12-CV-1359 Dkt. No. 21.

On August 19, 2013, the Court granted the VA's requested relief in the removed Custody Action and remanded the case to Family Court. Order at 11. The Court also granted Plaintiff's Motion for summary judgment in the APA Action and remanded Plaintiff's request for testimony to the VA for reconsideration. Id.

On September 5, 2013, Plaintiff filed a Motion for attorney's fees pursuant to 42 U.S.C. § 1988. 12-CV-1359 Dkt. No. 26 ("First Fees Motion"). The VA responded on September 30, 2013, asserting that Plaintiff could not claim fees under § 1988. Dkt. No. 27 at 2-3. The VA further

3

asserted that although Plaintiff might be able to seek fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), such a motion could not be made until October 19, 2013. Id. at 3-4. Plaintiff replied by withdrawing his First Fees Motion. Dkt. Nos. 28; 29.

Meanwhile, after reconsidering Plaintiff's request for testimony on remand from the Court, the VA again decided not to allow Alao to testify. Mot. to Compel ¶ 3. Plaintiff responded by filing a renewed Motion to Compel testimony on November 7, 2013. Id. While that Motion was still pending, the parties to the remanded Custody Action reached a settlement, and a stipulated custody order was entered in Family Court on January 24, 2014. Second Fees Mot. at 2.

Plaintiff filed his Second Fees Motion on February 18, 2014, seeking fees for "the Federal aspect of this case" pursuant to 28 U.S.C. § 2412(d). Second Fees Mot. The VA filed a Response in opposition on March 4, 2014. 12-CV-1359 Dkt. No. 33 ("Response").

### III. MOTION FOR ATTORNEY'S FEES

The EAJA provides that

> [e]xcept as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). The statute further provides that an application for fees must be submitted "within thirty days of final judgment in the action." Id. § 2412(d)(1)(B). A "final judgment" is defined as "a judgment that is final and not appealable." Id. § 2412(d)(2)(G).

The VA argues that Plaintiff's application for fees is untimely. See Resp. at 4-6. Under the EAJA, Plaintiff can only seek fees incurred in a civil action in which he is a prevailing party. 28 U.S.C. § 2412(d)(1)(A). To be a prevailing party, a party must have been awarded some relief by

4

the court. See Buckhannon Bd. and Care Home, Inc. v. W. Va. Dep't of Health and Human Res., 532 U.S. 598, 603 (2001). Here, Plaintiff was awarded relief in his APA Action, but was denied relief in the removed Custody Action. See Order. Accordingly, Plaintiff can only seek fees based on his success in the APA Action, in which a final judgment was entered on August 19, 2013. Order; 12-CV-1652 Dkt. No. 18. Pursuant to Federal Rule of Appellate Procedure 4(a)(1)(B), the parties had 60 days to appeal. Accordingly, the 30 day filing period set forth in 28 U.S.C. § 2412(d)(1)(B) began on October 19, 2013—the first day after the appeal period expired—and expired on November 18, 2013. Yet, Plaintiff did not file his Second Fees Motion until February 2014.

Plaintiff's counsel appears to believe that, for purposes of 28 U.S.C. § 2412(d)(1)(B), the relevant final judgment is the settlement order entered in Family Court on January 24, 2014. See Second Fees Mot. at 2-3. There are two possible explanations for this error. First, Plaintiff's counsel may have believed that Plaintiff "prevailed" in the remanded Custody Action because he achieved a favorable settlement. Although "settlement agreements enforced through a consent decree may serve as the basis for an award of attorney's fees," Buckhannon Bd., 532 U.S. at 604, the settlement here was entered into by Plaintiff and Shannon; it did not resolve any claims asserted in a civil action brought against the United States. Accordingly, Plaintiff's achievement of a favorable settlement in the Custody Action does not change the fact that he was not awarded any relief against the United States in that action.

Second, Plaintiff's counsel may have been confused—perhaps justifiably—by the consolidation of the two actions. Federal Rule of Civil Procedure 42(a) provides that if actions before a court involve a common question of law or fact, the court may "(1) join for hearing or trial

any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." One commentary elucidates the meaning and application of this rule, and of "consolidation" generally, as follows:

> In the context of legal procedure, "consolidation" is used in three different senses:
>
>> (1) When all except one of several actions are stayed until one is tried, in which case the judgment in the one trial is conclusive as to the others. This is not actually a consolidation but sometimes is referred to as such.
>>
>> (2) When several actions are combined into one, lose their separate identity, and become a single action in which a single judgment is rendered. An illustration of this is the situation in which several actions are pending between the same parties stating claims that might have been set out originally as separate counts in one complaint.
>>
>> (3) When several actions are ordered to be tried together but each retains its separate character and requires the entry of a separate judgment. This type of consolidation does not merge the suits into a single action, or cause the parties to one action to be parties to another.

9A CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE & PROCEDURE § 2382 (3d ed.) (footnotes omitted). "[F]ederal courts have read [Rule 42(a)] as providing only for the third of these procedures." Id.; see also Garber v. Randell, 477 F.2d 711, 715 (2d Cir. 1973) ("Consolidation is permitted as a matter of convenience and economy in administration, but does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another." (alteration omitted)). Here, the Court consolidated the two actions only in the third sense; the parties in one action were not made parties to the other, and the actions were remanded separately to Family Court and the VA, respectively. See Order. Accordingly, for the purposes of an EAJA fee application based on Plaintiff's success in the APA Action, final judgment was entered on August 19, 2013; the settlement order in the Custody Action represents judgment in a separate action. See 28 U.S.C. § 2412(d)(1)(B) (requiring filing of an application for fees "within

6

thirty days of final judgment *in the action*" (emphasis added)); Melkonyan v. Sullivan, 501 U.S. 89, 96 (1991) ("[A] 'final judgment' for purposes of 28 U.S.C. § 2412(d)(1)(B) means a judgment rendered by a court that terminates the civil action for which EAJA fees may be received."). Plaintiff's Second Fees Motion therefore appears untimely.

Although "[c]ourts in the Second Circuit have invoked the doctrine of equitable tolling in determining the timeliness of EAJA applications," Aziz v. Attorney Gen., No. 13-CV-3021, 2013 WL 4039373, at *3 (E.D.N.Y. Aug. 7, 2013) (collecting cases), Plaintiff has offered no argument as to the applicability of that doctrine. In the interests of justice, the Court denies Plaintiff's Second Fees Motion without prejudice to refiling. Plaintiff may, within thirty days of this Decision and Order, file a renewed motion that fully complies with 28 U.S.C. § 2412(d).[1] Plaintiff should include an explanation as to why the motion is timely. The Court makes no further determination as to the merits of Plaintiff's request for fees at this time.

## IV. MOTION TO COMPEL

On November 7, 2013, Plaintiff filed a Motion to Compel Alao to testify in the custody proceeding. Mot. to Compel. According to Plaintiff, the custody proceeding was terminated on January 24, 2014. Second Fees Mot. at 2-3. Plaintiff's Motion to Compel is therefore denied as moot.

## V. CONCLUSION

Accordingly, it is hereby:

---

[1] For the reasons discussed *supra*, Plaintiff may only seek attorney's fees incurred in the APA Action. As referenced in the VA's Response, the invoice Plaintiff submitted appears to include some entries related solely to the Custody Action. Resp. at 11; 12-CV-1359 Dkt. No. 31-3. These entries should not be included in a renewed motion.

**ORDERED**, that Petitioner-Plaintiff's Motion (12-CV-1359 Dkt. No. 31) for attorney's fees is **DENIED without prejudice**.  Plaintiff shall, **within thirty (30) days** of the filing date of this Decision and Order, file a renewed motion for attorney's fees that complies with 28 U.S.C. § 2412(d) and includes an explanation for why the motion is timely; and it is further

**ORDERED**, that Petitioner-Plaintiff's Motion (12-CV-1652 Dkt. No. 19) to compel testimony is **DENIED as moot**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order on all parties.

**IT IS SO ORDERED.**

Dated: September 29, 2014
Albany, NY

_____
Lawrence E. Kahn
U.S. District Judge