UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

SHAUN PORTALEOS,

        Petitioner,

  -against-            5:12-CV-1359 (LEK/TWD) (Lead)

GINA M. SHANNON; and R.M., a minor,

        Respondents.

---

SHAUN PORTALEOS,

        Plaintiff,

  -against-            5:12-CV-1652 (LEK/TWD) (Member)

UNITED STATES DEPARTMENT OF
VETERANS AFFAIRS,

        Defendant.

---

## **DECISION and ORDER**

**I. INTRODUCTION**

This matter returns to the Court on a Motion for attorney's fees. These consolidated actions concern the Department of Veteran Affairs' ("VA") obligation to obey an order of the Onondaga County, New York, Family Court ("Family Court") to produce an employee to testify in a child-custody proceeding. In a Memorandum-Decision and Order dated August 19, 2013, the Court granted Petitioner-Plaintiff Shaun Portaleos ("Plaintiff") summary judgment on his claim under § 702 of the Administrative Procedure Act ("APA"). Dkt. No. 24 ("Summary Judgment Order"). Plaintiff filed his first Motion for attorney's fees on September 5, 2013, Dkt. No. 26 ("First Fees Motion"), but asked to withdraw the motion upon realizing that it was filed too early, Dkt. Nos. 28

("Withdrawal Motion"); 29 ("Withdrawal Order"). In a Decision and Order dated September 29, 2014, the Court denied Plaintiff's second Motion for attorney's fees without prejudice. Dkt. Nos. 31 ("Second Fees Motion"); 34 ("2014 Order"). Now before the Court is Plaintiff's Third Motion for attorney's fees and an accompanying Affirmation. Dkt. Nos. 35 ("Third Fees Motion"); 35-1 ("Finocchio Affirmation"). For the reasons discussed below, Plaintiff's Third Fees Motion is denied.

## II. BACKGROUND

The Court presumes the parties' familiarity with the facts and history of this action, and recites only those facts pertinent to the pending Motion. For a full discussion of the facts and history of this case, reference is made to the Court's Memorandum-Decision and Order of August 19, 2013. Summ. J. Order.

Plaintiff is a military veteran who receives VA benefits and medical care at the VA's Medical Center in Syracuse, New York ("SVAMC"), for service-connected post-traumatic stress disorder, anxiety, depression, and an injured back. Summ. J. Order at 2. Plaintiff and Gina Shannon ("Shannon") are the parents of R.M., a child born in August 2011. Id. In February 2012, Plaintiff petitioned the Family Court for custody of R.M. Id. Shannon cross-petitioned for custody, asserting that Plaintiff's psychiatric diagnoses, medications, and other factors made Plaintiff incapable of caring for R.M. properly. Id.

On or about June 29, 2012, Plaintiff's attorney issued a subpoena for Dr. Adekola Alao ("Alao"), Plaintiff's treating psychiatrist at the SVAMC, to appear and testify in the custody action. Id. Asserting that testimony of a VA employee can be authorized only in certain limited circumstances and is not subject to subpoena or court order, the VA's Regional Counsel declined to

comply with Plaintiff's subpoena and invited Plaintiff to request Alao's testimony under pertinent regulations. Id. Plaintiff's attorney promptly made such a request, which the VA's Regional Counsel denied. Id. at 2-3.

On July 20, 2012, Family Court Judge Michael L. Hanuszczak ordered the VA to show cause why an order compelling Alao to appear and testify should not issue. Id. at 3. The VA's Regional Counsel reconsidered Plaintiff's request for Alao's testimony and again declined to produce him. Id. On August 31, 2012, Judge Hanuszczak granted Plaintiff's motion to compel Alao to testify and ordered Plaintiff's attorney to submit a subpoena to that effect. Id. The VA thereupon removed the case pursuant to 28 U.S.C. §§ 1442(a)(1) and 1446, seeking vacatur of the order to compel. Id. Plaintiff replied with a renewed Motion to compel. Id.

Plaintiff also commenced an action, Case No. 12-CV-1652 ("APA Action"), asserting various claims against the VA and Joseph Moreno ("Moreno") and Georgette Gonzales-Snyder ("Gonzales-Snyder") of the VA's Regional Counsel in their official and individual capacities for refusing to produce Alao for testimony. Id. On a stipulation of the parties, the Court dismissed Moreno and Gonzales-Snyder as defendants and dismissed all of Plaintiff's claims against the VA except for a claim under the Administrative Procedure Act ("APA"), 5 U.S.C. § 702. Order at 3. To resolve the question of whether Alao must testify in Plaintiff's custody proceeding, the Court consolidated the APA Action with the Custody Action on November 26, 2012, designating the removed Custody Action, Case Number 12-CV-1359, as the lead case in which all further filings should be made. Dkt. No. 21.

On August 19, 2013, the Court granted the VA's requested relief in the removed Custody Action and remanded the case to Family Court. Summ. J. Order at 11. The Court also granted

3

Plaintiff's Motion for summary judgment in the APA Action and remanded Plaintiff's request for testimony to the VA for reconsideration. Id.

On September 5, 2013, Plaintiff filed a Motion for attorney's fees pursuant to 42 U.S.C. § 1988. First Fees Mot. The VA responded on September 30, 2013, asserting that Plaintiff could not claim fees under § 1988. Dkt. No. 27 at 2-3 ("First Response"). The VA further asserted that although Plaintiff might be able to seek fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), such a motion could not be made until October 19, 2013. Id. at 3-4. Plaintiff replied by withdrawing his First Fees Motion. Dkt. Nos. 28; 29.

Meanwhile, the parties to the remanded action reached a settlement, and a stipulated custody order was entered in Family Court on January 24, 2014. Second Mot. at 2. Plaintiff filed his Second Fees Motion on February 18, 2014, seeking fees for "the Federal aspect of this case" pursuant to 28 U.S.C. § 2412(d). Second Fees Mot. The VA filed a Response in opposition on March 4, 2014, claiming that, among other things, Plaintiff's second Motion was untimely. Dkt. No. 33 ("Second Response"). The Court denied Plaintiff's second Motion without prejudice in a Decision and Order dated September 29, 2014. 2014 Order. In denying the Motion, the Court allowed Plaintiff to file a renewed motion that explained why the Motion was timely. Id. at 7.

Plaintiff filed his Third Fees Motion on October 23, 2014. Third Fees Mot. The VA filed a Response in opposition on November 18, 2014. Dkt. No. 36 ("Third Response").

## III. ANALYSIS

The EAJA provides that

> [e]xcept as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having

jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). The statute further provides that an application for fees must be submitted "within thirty days of final judgment in the action." Id. § 2412(d)(1)(B). A "final judgment" is defined as "a judgment that is final and not appealable." Id. § 2412(d)(2)(G).

Under the EAJA, Plaintiff can only seek fees incurred in a civil action in which he is a prevailing party. 28 U.S.C. § 2412(d)(1)(A). To be a prevailing party, a party must have been awarded some relief by the court. See Buckhannon Bd. and Care Home, Inc. v. W. Va. Dep't of Health and Human Res., 532 U.S. 598, 603 (2001). Here, Plaintiff was awarded relief in his APA Action, but was denied relief in the removed Custody Action. See Summ. J. Order. Accordingly, Plaintiff can only seek fees based on his success in the APA Action, in which a final judgment was entered on August 19, 2013. Id. The parties had sixty days to appeal the APA Action. FED. R. APP. P. 4(a)(1)(B). Accordingly, the thirty-day filing period set forth in 28 U.S.C. § 2412(d)(1)(B) began on October 19, 2013—the first day after the appeal period expired—and expired on November 18, 2013. Yet, Plaintiff did not file his Second Fees Motion until February 2014.

Plaintiff argues that the doctrine of equitable tolling applies in this case, and that the Second Fees Motion should thus be found timely. Third Fees Mot. at 2-3. Plaintiff draws support from the fact that the Court referenced the convoluted nature of the federal actions in the 2014 Order, id., and that the First Fees Motion was filed at all, demonstrating that "Plaintiff cannot be accused of sitting on his rights," id. at 3. The VA counters that equitable tolling is inapplicable because no rare and exceptional circumstances exist. Third Resp. at 2-4.

"[C]ourts in the Second Circuit routinely apply the doctrine of equitable tolling to EAJA fee applications." Charles v. Colvin, No. 13-CV-03432, 2015 WL 403239, at *1 (E.D.N.Y. Jan. 29,

5

2015); see also Aziz v. Attorney Gen., No. 13-CV-3021, 2013 WL 4039373, at *3 (E.D.N.Y. Aug. 7, 2013) (collecting cases); Batchelder v. Astrue, No. 10-CV-267, 2012 WL 4513766, at *1 (N.D.N.Y. Oct. 1, 2012). "As a general matter . . . a high bar [is set] to deem circumstances sufficiently 'extraordinary' to warrant equitable tolling." Dillon v. Conway, 642 F.3d 358, 363 (2d Cir. 2011). There are two elements that must be established to invoke equitable tolling: "(1) that [a plaintiff] has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." A.Q.C. ex rel. Castillo v. United States, 656 F.3d 135, 144 (2d Cir. 2011) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Specifically, diligence is required "during the time period [a plaintiff] seeks to have tolled." Zerilli-Edelglass v. N.Y.C. Transit Auth., 333 F.3d 74, 80 (2d Cir. 2003) (quoting Chapman v. ChoiceCare Long Island Term Disability Plan, 288 F.3d 506, 512 (2d Cir. 2002). A plaintiff's lawyers must have diligently determined "what, if any, restrictions on the time and forum for bringing such a claim might exist." Phillips v. Generations Family Health Ctr., 723 F.3d 144, 150 (2d Cir. 2013) (quoting A.Q.C., 656 F.3d at 145).

As equitable tolling is grounded in equitable principles, there must be a manifest unfairness in refusing to allow a plaintiff to prosecute their claim. Veltri v. Bldg. Serv. 32B-J Pension Fund, 393 F.3d 318, 326 (2d Cir. 2004). Under the principles of equity, a claimant may be able to invoke equitable tolling if "(1) [they] have received inadequate notice, (2) a motion for appointment of counsel is pending and equity would justify tolling the statutory period until the motion is acted upon, or (3) where the court has led the plaintiff to believe that plaintiff had done everything required, or (4) where the affirmative misconduct on the part of a defendant lulled the plaintiff into inaction." Edinboro v. Dep't of Health & Human Svcs., 704 F. Supp. 364, 366 (S.D.N.Y. 1988) (citing Baldwin Cty. Welcome Ctr. v. Brown, 466 U.S. 147, 149 (1984) (per curiam)); see also

Webster v. Potter, 746 F. Supp. 2d 635, 641 (S.D.N.Y. 2010).

"Importantly, a want of diligence by a plaintiff's attorney generally will not prompt a court to provide relief from a limitations period by way of an equitable toll." See Chapman, 288 F.3d at 512 (citing South v. Saab Cars USA, Inc., 28 F.3d 9, 12 (2d Cir. 1994)). The only cases in which the actions of an attorney alone will justify equitable tolling are when attorneys either commit an error in violation of "a basic duty of an attorney to his client," such as telling a client that one would file a habeas petition and failing altogether to do so or to conduct any work on the case, Baldayaque v. United States, 338 F.3d 145 (2d Cir. 2003), or when the attorney-client relationship is substantially impaired due to the mental impairment of a client, Chapman, 288 F.3d at 512.

Plaintiff has not met his burden of showing that equitable tolling applies, as there is no indication that Plaintiff pursued his rights diligently during the time period in question. The time period during which an EAJA motion for attorneys' fees could be filed was between October 19, 2013 and November 18, 2013. Plaintiff does not allege in the Third Fees Motion or elsewhere that he or his lawyer actively pursued his rights in any way during this window of time. No docket entries exist for Plaintiff during this time period.

Furthermore, Plaintiff has not demonstrated that any extraordinary circumstance existed that prevented a fees motion from being filed. Plaintiff's sole argument in favor of extraordinary circumstances is that the difficulty of calculation of the statutes of limitation due to the consolidated actions is a sufficient obstacle to allow the statute of limitations to be paused. As Plaintiff was continually represented by counsel during this time, and mere attorney error is "inadequate to create the 'extraordinary' circumstances equitable tolling requires," Smaldone v. Senkowski, 273 F.3d 133, 138 (2d Cir. 2001), his burden of showing that equitable tolling is applicable has not been met.

None of the Baldwin factors, mentioned above, are applicable to Plaintiff's situation. No motion for appointment of counsel was pending during the relevant time period. The Court has not led Plaintiff to believe that he had done everything required to pursue his claim. Defendant did not engage in any misconduct that led Plaintiff to believe that inaction was proper, and Plaintiff did not lack for sufficient notice of the statute of limitations. In fact, Plaintiff had actual notice during the filing period as to when a motion for attorney's fees would be proper. Defendants first raised this issue in their Response to the First Fees Motion, stating that "the 30-day period within which an EAJA fee application must be filed does not *begin* until October 19, 2013." First Resp. at 4. Plaintiff's attorney alludes to this timeframe in their own letter Motion to withdraw the First Fees Motion. In the letter Motion, dated October 15, 2013, four days before the commencement of the statutory window in which to file a motion for attorneys' fees, Plaintiff's attorney states that they plan to withdraw the First Fees Motion and prepare a second application for attorneys' fees "once the matter is final, which I believe will be done in the next few days." Withdrawal Mot. Indeed, Defendants' accurate statement of the statute of limitations as applied to this case should have urged Plaintiff into action rather than the opposite.

In essence, Plaintiff has relied solely on information that was available to the Court at the time of the 2014 Order to argue that equitable tolling applies. If the Court had determined that there was sufficient information at that time to invoke equitable tolling, it could have done so in the interests of justice. Since the Court finds that equitable tolling does not apply, Plaintiff's Motion for attorneys' fees under the EAJA is untimely and must therefore be denied.

## IV. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Petitioner-Plaintiff's Motion (Dkt. No. 35) for attorney's fees is **DENIED**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order on all parties.

**IT IS SO ORDERED.**

Dated: September 29, 2015
Albany, NY

Lawrence E. Kahn
U.S. District Judge